Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 26 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLYDE ISAAC KELLY,<br><br>Defendant. | Case No.: 1:25-CR-2001-SAB<br><br>Plea Agreement |

Plaintiff United States of America, by and through Richard R. Barker, Acting United States Attorney the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney for the Eastern District of Washington, and Defendant Clyde Isaac Kelly ("Defendant"), both individually and by and through Defendant's counsel, Deputy Federal Defender Alex B. Hernandez, III., agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to the Indictment filed on January 14, 2025, which charges Defendant with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

      a.      a term of imprisonment of not more than 15 years;

      b.      a term of supervised release of not more than 3 years;

      c.      a fine of up to $250,000; and

      d.      a $100 special penalty assessment.

2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

      a.      5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.      3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

      c.      2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

      a.      sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.   <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.   Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.   the right to a jury trial;

    b.   the right to see, hear and question the witnesses;

    c.   the right to remain silent at trial;

    d.   the right to testify at trial; and

    e.   the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.   Admissibility of Facts and Prior Statements

By signing this Plea Agreement, Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements Defendant makes in court, shall be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

PLEA AGREEMENT - 4

Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, Defendant is expressly modifying and waiving Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to any facts Defendant admits and/or any statements Defendant makes in court.]

7. Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on October 16, 2024, within the Eastern District of Washington, Defendant knowingly possessed a firearm;

    b. *Second*, the firearm had been shipped from one state to another or between a foreign nation and the United States;

    c. *Third,* at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    d. *Fourth*, at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

8. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

PLEA AGREEMENT - 5

On or about February 15, 2024, the Defendant was sentenced to 21 months imprisonment to be followed by three years of supervised release in 1:22-CR-2070-SAB. The Defendant had pled guilty to being a felon in possession of a firearm. On March 22, 2024, the Defendant was released from the Bureau of Prisons and began his term of supervised release.

On or about October 6, 2024, police responded to a 911 call of a domestic violence incident at a residence located in Yakima, Washington. Police arrived and spoke to the reporting party. The reporting party advised that he was a relative of the Defendant and that the Defendant had been physical with him and broke down the door to his room. The reporting party advised that the Defendant had been drinking alcohol and had a gun.

The police called out for the Defendant to exit the residence. The Defendant exited the residence and was placed under arrest. The police searched the residence and found a loaded Helwan, 9-millimeter handgun bearing serial number 1162373. The police showed the firearm to the family members. Multiple family members advised they had observed the Defendant with the handgun. The police ran the serial numbers and discovered that the gun had previously been reported as being stolen during a residential burglary.

Special Agent Standiford ("Agent Standiford") of the Bureau of Alcohol, Tobacco, Firearms, and Explosives is an interstate nexus expert. Agent Standiford inspected the firearm and determined that it had been manufactured by the Maadi Company in Eqypt.

As noted above, at the time of the instant offense, Defendant was under supervision in case 1:22-CR-2070-SAB. As such, the Defendant violated his conditions of supervision.

9.     The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in

PLEA AGREEMENT - 6

its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. <u>Base Offense Level</u>

The United States and the Defendant agree that the base offense level for being a Felon in Possession of a Firearm is 14. U.S.S.G. § 2K2.1(a)(6).

b. <u>Special Offense Characteristics</u>

The United States and the Defendant agree that Defendant's base offense level is increased by 2 levels because Defendant the firearm was stolen. U.S.S.G. § 2K2.1(b)(4)(A).

c. <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

    i.    accepts this Plea Agreement;
    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;
    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;
    iv.    provides complete and accurate information during the sentencing process; and

PLEA AGREEMENT - 7

   v.  does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

  d.  <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

   i.  The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

   ii.  The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

   iii.  The United States and Defendant may each present and argue any additional facts that the United States or

PLEA AGREEMENT - 8

          Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

    iv.    The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

    v.    The United States and Defendant may each respond to any arguments presented by the other;

    vi.    In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

    vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

PLEA AGREEMENT - 9

      viii.    The United States may make any sentencing arguments consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

      ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e. <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

f. <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11. <u>Incarceration</u>

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or

PLEA AGREEMENT - 10

maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

The United States agrees to recommend a sentence within the applicable guideline range, as calculated by the United States.

Furthermore, as to 1:22-CR-2070-SAB, the United States agrees to recommend that the court impose a 12-month term of imprisonment, with 6-months running consecutive to any term of imprisonment imposed in the instant case, and 6-months running concurrent with any term of imprisonment imposed in the instant case.

As to the instant offense, Defendant may recommend any legal sentence. As to 1:22-CR-2070-SAB, the Defendant may recommend any legal sentence.

12. <u>Supervised Release</u>

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

PLEA AGREEMENT - 11

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. <u>Judicial Forfeiture:</u>

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

    a Helwan, 9-millimeter handgun bearing serial number 1162373, and loaded ammunition.

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of

PLEA AGREEMENT - 12

a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

16. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

PLEA AGREEMENT - 13

17.  **Additional Violations of Law Can Void Plea Agreement**

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18.  **Waiver of Appeal Rights**

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.  **Withdrawal or Vacatur of Defendant's Plea**

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

PLEA AGREEMENT - 14

  a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

  b. The United States may prosecute Defendant on all available charges;

  c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

  d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

PLEA AGREEMENT - 15

1  This Plea Agreement is binding only on the United States Attorney's Office
2  for the Eastern District of Washington, and cannot bind other federal, state, or local
3  authorities.
4  The United States and Defendant agree that this Agreement cannot be
5  modified except in a writing that is signed by the United States and Defendant.

6  <u>Approvals and Signatures</u>

7  Agreed and submitted on behalf of the United States Attorney's Office for
8  the Eastern District of Washington.
9  Richard R. Barker
10 Acting United States Attorney

11  _____    3/26/25_____
12  Thomas J. Hanlon                                      Date
    Assistant United States Attorney

13
14
15  I have read this Plea Agreement and I have carefully reviewed and discussed
16  every part of this Plea Agreement with my attorney. I understand the terms of this
17  Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and
18  voluntarily. I have consulted with my attorney about my rights, I understand those
19  rights, and I am satisfied with the representation of my attorney in this case. No
20  other promises or inducements have been made to me, other than those contained
21  in this Plea Agreement. No one has threatened or forced me in any way to enter
22  into this Plea Agreement. I agree to plead guilty because I am guilty.

23  _____    3-18-25_____
24  Clyde Isaac Kelly CIK                                Date
    Defendant

25
26  I have read the Plea Agreement and have discussed the contents of the
27  agreement with my client. The Plea Agreement accurately and completely sets
28  forth the entirety of the agreement between the parties. I concur in my client's

PLEA AGREEMENT - 16

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_/s/ Alex B. Hernandez, III_        3-18-25
Alex B. Hernandez, III.              Date
Attorney for Defendant

PLEA AGREEMENT - 17