Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO: 1:25-CR-02001-SAB-1 |
| Plaintiff, | )<br>)<br>) | PLAINTIFF'S SENTENCING MEMORANDUM |
| vs. | )<br>) | |
| CLYDE ISAAC KELLY, | )<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

OFFENSE LEVEL & CRIMINAL HISTORY

The United States agrees with the calculations contained in the Presentence Investigation Report (hereinafter "PSIR"): (1) total offense level is 13; (3) criminal history category is III; and (4) the guideline range is 18-24 months.

In the instant case, the government has agreed to recommend that the Court imposed a sentence within the applicable guideline range. The Defendant has agreed to recommend any legal sentence.[1]

## II.

## DEPARTURES

The government is not recommending a departure from the guidelines. As noted above, the parties have agreed to recommend a sentence within the applicable guideline range.

## III.

## SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

On October 5, 2024, a family member called 911 to report a domestic violence incident. Ultimately, police discovered that the Defendant had injured a family member, damaged property, and had been observed by family members with alcohol and a firearm. Police entered the property and took possession of a

---

[1] See ECF No. 19.

firearm.  The Defendant was apprehended.  The Defendant subsequently advised that he was having seizures due to his alcohol consumption.

The instant offense is very similar to his prior federal conviction which occurred just two years before at the same residence.  Back in April 27, 2022, a family member called 911 to report that the Defendant was in residence with a firearm. The Defendant appeared to be under the influence.  The Defendant was prohibited from possessing firearms and was apprehended.

The Defendant has a long history with firearms.  As a juvenile, the Defendant was convicted of a firearm offense.  In February 2022, the Defendant was convicted of second-degree manslaughter with a deadly weapon.  In February 2023, the Defendant was convicted in this Court of being a felon in possession of a firearm.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious.  A term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.  The United States submits that a term of imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Despite his criminal history, the Defendant has not been deterred from engaging in criminal activity. Prior terms of incarceration failed to deter the Defendant from possessing a firearm. Here, the Defendant was on supervised release at the time he possessed a firearm. The United States submits that a term of imprisonment is required.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a danger to the community. The Defendant simply will not stop obtaining firearms.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of educational or vocational training.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

As to the instant offense, the government recommends that the Court impose a sentence of 24 months to be followed by 3 years of supervised release.

Respectfully submitted this 11th day of June 2025.

RICHARD R. BARKER
Acting United States Attorney

<u>s\ Thomas J. Hanlon</u>

THOMAS J. HANLON
Assistant United States Attorney

I hereby certify that on June 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Alex B. Hernandez, III.

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA   98901
(509) 454-4425